NOT DESIGNATED FOR PUBLICATION

No. 121,174

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRAYTON LEVI ENNEKING,
*Appellant*.


MEMORANDUM OPINION

Appeal from Nemaha District Court; JAMES A. PATTON, judge. Opinion filed December 6, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).


Before ARNOLD-BURGER, C.J., PIERRON and STANDRIDGE, JJ.


PER CURIAM: Brayton Levi Enneking appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Enneking's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). Finding no error, we affirm the district court.


Following a plea agreement, Enneking pled guilty to one count of aggravated battery, one count of aggravated endangering of a child, and one count of unlawful voluntary sexual relations. The district court sentenced Enneking to 56 months in prison but released him on probation for a term of 36 months. The court cited the plea agreement between the parties as its basis for that downward dispositional departure.

1

On May 24, 2018, Enneking admitted to violating the conditions of his probation by using illegal drugs. The district court ordered Enneking to serve a 180-day jail sanction and extended his probation for another 36 months. On February 28, 2019, Enneking again admitted to violating the conditions of his probation, this time by committing a number of technical violations. Enneking requested another sanction, but the district court denied that request. The court revoked his probation and ordered him to serve the underlying prison sentence.

On appeal, Enneking argues that the district court abused its discretion when it revoked his probation. Specifically, Enneking claims that no reasonable person would take the position of the district court because he was given only one previous intermediate sanction and because revocation of his probation was not in his best interests.

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

In this case, the district court revoked Enneking's probation and imposed his underlying prison sentence after previously imposing an intermediate sanction and finding that he had committed additional technical violations of his probation conditions. As noted above, the district court was not legally required to impose an intermediate sanction because Enneking's original grant of probation was the result of a downward dispositional departure. See K.S.A. 2018 Supp. 22-3716(c)(9)(B) (district court does not

have to impose intermediate sanction if the probation "was originally granted as a result of a dispositional departure granted by the sentencing court"). Given the facts presented and the applicable law, there is no evidence to show that the district court's decision to revoke Enneking's probation was arbitrary, fanciful, or unreasonable. See *Mosher*, 299 Kan. at 3; *Gumfory*, 281 Kan. at 1170. As such, we find that the district court did not abuse its discretion when it revoked Enneking's probation and ordered him to serve his underlying prison sentence.

Affirmed.